RIVERA, DEMANDANTE Y APELANTE, *v.* CASTRO, DEMANDADO Y . APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre acción reivindicatoria.

No. 1073.—Resuelto en mayo 22, 1914.

ACCIÓN REIVINDICATORIA—PRUEBAS—TÍTULO DEL DEMANDANTE—IDENTIFICACIÓN DE LA FINCA.—En la acción reivindicatoria sobre el demandante recae el peso de la prueba para establecer su título e identificar la finca en litigio.

ID.—CONFLICTO DE TÍTULOS INSCRITOS ENTRE DEMANDANTE Y DEMANDADO—DEBER DEL DEMANDANTE.—Cuando, como en este caso, existe un conflicto de títulos inscritos entre demandante y demandado por tener ambas partes inscritas a su favor la finca en litigio, al demandante incumbe la obligación de probar su título .desde su origen y que la posesión civil sino la material de la finca había sido adquirida por él antes que ·por el demandado, cuyos requisitos no fueron probados en este caso.

EXPOSICIÓN DEL CASO—COPIA DE LA PRUEBA DOCUMENTAL—CONSTANCIA DE LA INSCRIPCIÓN DE LAS ESCRITURAS.—Si bien es cierto que no es necesario copiar íntegramente en la exposición del caso la prueba documental, sin embargo cuando es de importancia que conste la inscripción de los documentos en el registro, debe insertarse en la exposición del caso la parte de los documentos que pruebe esto extremo.

ACCIÓN REIVINDICATORIA—CONFLICTO DE TÍTULOS INSCRITOS ENTRE DEMANDANTE Y DEMANDADO—PRESUNCIÓN A FAVOR DE LA SENTENCIA—PRIORIDAD DEL TÍTULO DEL DEMANDADO.—Cuando una finca aparece inscrita a favor de deman-

dante y demandado y la corte inferior resuelve a favor del demandado el conflicto entre los títulos, en ausencia de prueba que demuestre lo contrario es de presumirse que el título del demandado es anterior al del demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado del apelado: *Sr. Leopoldo Feliú.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es un acción a la cual se le llamó en la corte inferior de ''reclamación de propiedad,'' pero que desde luego es la que técnicamente se conoce con el nombre de acción reivindicatoria. En dicha acción es necesario que el demandante pruebe su título mediante una preponderancia de la prueba así como también que la finca que reclama es la que indebidamente detenta el demandado. En otras palabras, que al demandante incumbe el peso de la prueba para establecer su título e identificar su finca. *Bianchi* v. *Ayuntamiento de Añasco,* 2 S. P. R. 484; *Enmanuel* v. *Pueblo,* 7. D. P. R., 221; *Verges et al.,* v. *Sucesión Pietri,* 3 D. P. R., 59; *Rivera* v. *Pueblo,* 16 D. P. R., 768; *Díaz* v. *Pueblo,* 17 D. P. R., 60; *Siragusa* v. *Pueblo de Puerto Rico,* 18 D. P. R., 595; *Martínez* v. *Delgado,* 18 D. P. R., 390.

La Corte de Distrito de Mayagüez declaró probado en su opinión que la finca de nueve cuerdas que reclama el demandante está comprendida en la que posee y alega ser su dueño el demandado. El demandante presentó un documento inscrito en que funda su derecho a las referidas nueve cuerdas habiendo presentado también el demandado otro título inscrito de una finca de unas ciento ochenta cuerdas en la cual se suponía estaba incluída topográficamente la finca del demandante de acuerdo con la descripción que se hizo de la misma. Según la opinión de la corte como también por la contestación del demandado éste último estaba en posesión de la finca reclamada por el demandante si bien dicho demandado también fundó su derecho en un título inscrito. Pasó

entonces la corte a considerar el hecho de si el demandado se encontraba ilegalmente en posesión de la finca del demandante, sin derecho o título a la misma, y declaró probado que como las nueve cuerdas estaban incluídas en la finca de ciento ochenta cuerdas y ésta última se hallaba debidamente inscrita, no podía alegarse que el demandado estuviera poseyendo sin derecho o título como se alegó en la demanda.

Se alega como hemos visto en la contestación que la finca reclamada por el demandante fué siempre de la sola, absoluta y exclusiva propiedad del demandado admitiéndose la identidad de la misma, y la corte declaró probado que las nueve cuerdas estaban comprendidas en el area superficial de la finca que el demandado alega poseer y de la cual tenía un título inscrito. Cuando una persona tiene un título inscrito e identifica la finca ésta habrá mostrado entonces un caso prima facie como lo hizo el demandante, pero según los fundamentos expresados por la corte en su opinión también el demandado presentó un título que había sido debidamente inscrito. En este conflicto de títulos inscritos todavía tenía el demandante la obligación de probar su título desde su origen y que su posesión civil sino la material era de fecha anterior a la del demandado o de otro modo, que su título era superior al de dicho demandado. De los autos no consta que el demandante hiciera ninguna de estas cosas.

En la opinión de la corte se expresa que el demandante adquirió su título de José Atanasio Ortíz en el año 1909, y que éste último heredó la finca de su padre en 1906, si bien en la exposición del caso no aparece esta última fecha puesto que la escritura misma no se ha presentado. Esta fué en sustancia toda la prueba introducida en el juicio para probar el origen del título del demandante cuya prueba, en vista del conflicto, no es suficiente.

Alega el apelante que habiendo probado su título incumbía al demandado probar que su finca de mayor cabida no incluía las nueve cuerdas reclamadas por el apelante. Tanto

la prueba del apelado como parte de la prueba del demandante mostraba o tendía a establecer que la finca que el demantante reclamaba estaba incluída en el area superficial de la cual alega ser dueño el demandado, la que tanto él como sus causantes habían poseído desde hace más de cuarenta años, de cuya finca tenía un título como lo demostraban varias escrituras y documentos, desde antes del año 1899. Existen indicios en la transcripción de que estas escrituras y documentos estaban inscritos si bien dicha transcripción no aparece con perfecta claridad acerca del particular. Las escrituras y documentos no se incluyeron íntegramente en la transcripción. Este procedimiento está autorizado por nuestras reglas y debe seguirse, pero debe siempre transcribirse bastante del contenido de tales documentos para mostrar la cuestión que se sometió a la corte inferior. Cuando el apelante radica en esta Corte una exposición del caso en la que parece estar contenida toda la prueba, generalmente hemos admitido dicha exposición del caso como una en la cual se comprende toda la prueba esencial que fué sometida a la consideración de la corte. Sin embargo, si sabemos que las escrituras y documentos en donde probablemente aparecía la inscripción del título del demandado fueron presentados como prueba sin probarse este extremo ante esta corte, y cuando de las certificaciones del registrador presentadas con igual fín aparece que el título del demandado ha sido inscrito, la presunción que milita en favor de la sentencia nos hace necesariamente suponer que de acuerdo con la prueba el título inscrito del demandado era anterior al del demandante.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.